# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

GEORGES DEVOS,

Plaintiff

v.                                                  Civil Action No.:

UNITED STATES OF AMERICA,

Defendant

## COMPLAINT

1. Plaintiff Georges DeVos is a resident of Switzerland and citizen of Belgium. Mr. DeVos resided in Basking Ridge, New Jersey between 2001 and 2005. The last four digits of his social security number are 3554.

2. Defendant is the United States of America.

3. This is an action for the recovery of federal income tax and interest erroneously or illegally assessed and collected, and this Court has jurisdiction by reason of 28 U.S.C. §1346(a)(1).

4. Recovery is sought of federal income tax for the taxable year ended December 31, 2009. On June 11, 2015 and July 9, 2015, the Internal Revenue levied Plaintiff's account # XXX-xx4595 at Fidelity Brokerage Services for $15,581 and $567,629, respectively. This action seeks to recover the gargantuan excess of this levy over Plaintiff's tax liability for that year, which is calculated to be under $2,600.

5. During the period between September 2001 and July 2005, Plaintiff was a resident alien of the United States, filing 1040 individual tax returns.  Between 2003 and 2007, Plaintiff was a legal permanent resident of the United States.  In 2005, Plaintiff returned to Europe and in 2007, he surrendered his green card to US Embassy staff in Switzerland, thereby terminating his US legal permanent resident status.

6. In July of 2015, Plaintiff became aware of the levied funds through checking his account balance in the account XXX-xx4595.  After having reached Fidelity's customer service, Plaintiff was told that a US government levy had been instituted against the funds in his account.

7. Between July of 2015 and January of 2016, Plaintiff had tried to contact an Internal Revenue officer Michael Sutton, of the King of Prussia IRS office, who had previously handled Plaintiff's inquiries for earlier tax years.  However, no response was received after multiple phone messages and registered mail letters.

8. In late January of 2016, Plaintiff sought tax advice from a New Jersey tax counsel.  The tax counsel obtained documentation from the Internal Revenue Service under a Power of Attorney, granted by Plaintiff.

9. As a result to the tax counsel's investigation, it was discovered from the electronic transcript of Plaintiff's 2009 account that the Internal Revenue Service had initiated an examination of Plaintiff's account, in the period between June 2011 and September 2012.

10. At no point during the return examination period, was Plaintiff aware that the Unites States government was reviewing his filing requirements or seeking additional information.  Upon returning to Europe in 2005, Plaintiff had subsequently moved from Belgium to Switzerland and the post forwarding period had expired shortly thereafter.  If the IRS attempted at all to reach him regarding the 2009 examination, Plaintiff was not aware of the IRS's attempt.  There was no attempt by Revenue Officer Sutton, at any point of time, to contact Plaintiff, even

though RO Sutton was aware of the new address and new phone numbers for Plaintiff and was working with Plaintiff in 2012 to address filing and reconciliation issues for the 2007 filing period.

11. Further investigation of the Internal Revenue transcript of Plaintiff's 2009 account revealed that the Service had prepared a Substitute For Return (SFR) and, in February of 2014, assessed additional tax of $328,715, a penalty for late filing of $73,961, penalty for late payment of $75,604, penalty for underpayment of estimated tax of $7,870, and interest of $52,255.  The assessed amounts were extremely out of proportion to Plaintiff's previous liabilities.

12. In August of 2015, the IRS charged an additional penalty for late payment of $6,574 and additional interest of $23,197, for a total balance due of $568,176.

13. Further investigation of the IRS transcripts revealed that the assessment was based on sales of various marketable securities within Fidelity Brokerage account# XXX- xx4595 during 2009. However, at that time, custodians and money managers were not required to report cost basis or holding period of stocks and bonds to the IRS.  As such, the Internal Revenue Service calculations within SFR were based on short-term capital gains equal to proceeds realized from the sale of various securities.  Plaintiff's taxpayer status was presumed by the IRS to be that of a resident alien, subject to tax on all investment income.

14. Review of Plaintiff's investment account activity for 2009 by the tax counsel revealed that Plaintiff was indeed required to file a tax return for taxable period ending December 31, 2009, his non-resident status notwithstanding, but only to report his modest US-sourced dividends.

15. On or about March 10, 2016, Plaintiff filed, through his tax counsel, a 2009 1040NR non-resident tax return to replace the SFR and assist the Internal Revenue Service with re-calculating his liability (included herewith as "Exhibit A").  The filing was done with the Philadelphia campus, as per the IRS procedure on processing non-resident aliens' audit reconsideration requests for SFR returns.

16. Between April and July of 2016, the tax counsel had, unsuccessfully, contacted various divisions within the Internal Revenue Service to inquire about the progress of processing the earlier filed 1040NR return.  By mid-August 2016, the tax counsel became sufficiently concerned about lack of meaningful response, as to contact The Office of The Taxpayer Advocate.

17. On August 31, 2016, a case advocate of Taxpayer Advocate, Veronica Ward, contacted Plaintiff's tax counsel requesting additional documentation, including a copy of the 1040NR filing that the IRS claimed at the time they did not have.

18. Between August of 2016 and June of 2017, multiple telephone conferences were held between Plaintiff's tax counsel and the Office of Taxpayer Advocate.  However, this contact has not provided any meaningful result, thereby necessitating this recovery action.

19. Between June of 2015 and present time, Plaintiff has missed out on an opportunity to realize significant appreciation in the equities market, had his levied upon assets been instead available for reinvestment within his Fidelity account.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT IN THE AMOUNT OF $580,594, PLUS INTEREST AND COSTS ALLOWED BY LAW, AND SUCH OTHER RELIEF AS THE COURT MAY DEEM JUST, INCLUDING AN AWARD OF REASONABLE LITIGATION COSTS INCURRED IN THIS PROCEEDING, UNDER 26 U.S.C. §7430

    Stanley Smotritsky

    Smotritsky Law Group, PLLC

    972 Broad Street, Suite 602

    Newark, NJ 07102

    Tel: 973.446.0809

    Attorney for Plaintiff

Dated: June 12, 2017

# EXHIBIT A

FEDERAL INDIVIDUAL NON-RESIDENT ALIEN INCOME TAX RETURN

FORM 1040NR, WITH SCHEDULE NEC

FOR PERIOD ENDIND DECEMBER 31, 2009

FILED ORIGINALLY ON MARCH 10, 2016 (SUBSEQUENTLY NEWLY SIGNED AND FORWARDED TO OFFICE OF TAXPAYER ADVOCATE ON SEPTEMBER 13, 2016)